UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Crim. Action. No. 3:09-cr-018-M (01) |
| | § | |
| RUSSELL CATES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion to Suppress Evidence [Docket Entry #21] and Supplemental Motion to Suppress Evidence [Docket Entry #31]. Having considered the Motions, the briefing, and the applicable law, the Court finds that the Motions should be DENIED.

Defendant Russell Cates ("Cates") was indicted on January 21, 2009, for possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). The Indictment alleges that on or about July 14, 2008, Cates "did knowingly possess in and affecting interstate commerce a firearm, that is, a Charter Arms, .38 caliber Special Revolver," after being convicted of a crime punishable by imprisonment for a term exceeding one year.

On May 22, 2009, Cates filed a Motion to Suppress Evidence and Request for an Evidentiary Hearing, alleging the following facts:

> On July 14, 2008, officers arrested Russell Cates inside his motel room at the Classic Inn in Mesquite, TX. After his arrest, they then proceeded to search his vehicle parked outside without a search warrant of any kind. While an arrest warrant for burglary of a habitation had been pending against Cates for approximately five weeks, officers had no warrant to search his vehicle. Indeed, after arresting Cates, officers proceeded to search his vehicle, which was legally

parked outside the motel room. During the course of the search, officers found a revolver on the floorboard beneath the front driver's side of the vehicle. This firearm forms the basis of the pending charge against him.[1]

Cates alleges that the search of the vehicle violated his Fourth Amendment right against unreasonable search and seizure, and that the Government cannot prove that any exception to the requirement for a warrant applies, so the evidence recovered during the search should be suppressed.

On June 11, 2009, this Court conducted an evidentiary hearing on the Motion to Suppress, where the Government asserted that Cates lacked standing to challenge the search because the vehicle Cates was driving was stolen, and therefore Cates lacked any legitimate expectation of privacy and could not challenge the search under the Fourth Amendment. The Court ordered additional briefing on this issue, which resulted in Cates' Supplemental Motion to Suppress. Now, having considered the additional briefing, the Court finds that Cates had no legitimate expectation of privacy in the vehicle that was searched, and therefore his Motions to Suppress should be denied.

In *United States v. Vega*, the Fifth Circuit explained the burden that a criminal defendant levying a Fourth Amendment challenge faces in the context of standing:

> Whether couched as an issue of standing or the existence of a protected interest, the gravamen of the government's position is that neither appellant enjoyed a subjective expectation of privacy in the premises that society is prepared to recognize as reasonable and, therefore, the government's intrusion was not a "search." *The defendants bear the burden of establishing such an expectation by a preponderance of the evidence*.[2]

Cates thus bears the burden of establishing that he had a reasonable and legitimate expectation of privacy in the vehicle that was searched.[3] Cates argues that "the driver of a stolen vehicle has a

---

[1] *See* Motion to Suppress at 1.
[2] *United States v. Vega*, 221 F.3d 789, 795 (5th Cir. 2000).
[3] *See also United States v. Johnson*, No. 07-30955, 2008 WL 3876550 at *2 (5th Cir. Aug. 21, 2008) (unpublished

sufficient privacy and possessory interest in that vehicle for Fourth Amendment purposes if he is oblivious to the fact that it is stolen," and that "'[at the evidentiary hearing] the [G]overnment only presented evidence that the vehicle was in fact stolen and that Cates candidly acknowledged that the vehicle did not belong to him." Cates argues that because "the [G]overnment presented no evidence establishing that Cates stole the searched vehicle, that he knew the vehicle was stolen or, even if he knew it was stolen, [or] that he knew it was stolen at the time he acquired it," the Court should presumptively find that he was an innocent possessor of the vehicle and therefore had a legitimate expectation of privacy in it.

This argument lacks merit because Cates improperly reallocates the burden of proof, by seeking to require the Government to disprove his reasonable expectation of privacy in the stolen car. That reverses the appropriate burden. If Cates relies on a lack of knowledge of the stolen character of the vehicle to establish a reasonable expectation of privacy in it, he bears the burden of proof of such facts. Cates' proffered example, where an individual acquires a stolen vehicle innocently from an "unscrupulous" car dealer, would present a legitimate question regarding an expectation of privacy in an unwittingly stolen vehicle. But it would require proof of such a purchase by the Defendant, and no such proof was offered in this case.

Rather than arguing that he did not know the car was stolen, or that he believed he was in rightful possession of the car, Cates merely argues that the Government failed to prove otherwise. Cates has failed to meet his burden of proving that he innocently possessed the stolen vehicle, so the Court need not consider under what circumstances an individual who innocently

---

opinion) ("'[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable...' *Minnesota v. Carter,* 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998) (internal quotation and citation omitted). The defendant bears the burden of establishing a reasonable expectation of privacy by a preponderance of the evidence. *United States v. Vega*, 221 F.3d 789, 795 (5th Cir.2000).").

possesses a stolen vehicle may have a legitimate expectation of privacy in the vehicle.

The Fifth Circuit held in *United States v. Lanford* that "possessors of stolen automobiles" lacked a legitimate expectation of privacy in the vehicle, and therefore lacked standing to challenge a search of the automobile.[4] The court reiterated the test for challenging a search under the Fourth Amendment—"'whether governmental officials violated any legitimate expectation of privacy held by' the party seeking to exclude the evidence obtained through the challenged search or seizure."[5] The court then held that the defendant "lacked standing to challenge the search of the automobile," and upheld the district court's ruling that the defendant had no legitimate expectation of privacy in the stolen automobile.[6]

In *Lanford*, the officers knew at the time the search was conducted that the vehicle was

---

[4] *United States v. Lanford*, 838 F.2d 1351, 1353 (5th Cir. 1988); *see also United States v. Caymen,* 404 F.3d 1196, 1200-01 (9th Cir. 2005). In *Caymen*, the Ninth Circuit explained:

> The Fourth Amendment does not protect a defendant from a warrantless search of property that he stole, because regardless of whether he expects to maintain privacy in the contents of the stolen property, such an expectation is not one that "society is prepared to accept as reasonable." A legitimate expectation of privacy means more than a subjective expectation of not being discovered. We held in *United States v. Wong* that a person lacks a reasonable expectation of privacy in the contents of a laptop computer he stole. Similarly, several of our sister circuits have held that a person who steals a car does not have a reasonable expectation of privacy that entitles him to suppress what is found in a search of the stolen car.

*Id.* (citing *United States v. Tropiano,* 50 F.3d 157, 161 (2d Cir. 1995); *United States v. Wellons,* 32 F.3d 117 (4th Cir. 1994); *United States v. Betancur,* 24 F.3d 73, 76-77 (10th Cir. 1994); *United States v. Lanford,* 838 F.2d 1351, 1353 (5th Cir. 1988); *United States v. Hensel,* 672 F.2d 578, 579 (6th Cir. 1982); *United States v. Hargrove,* 647 F.2d 411, 413 (4th Cir. 1981)).

[5] *Id.* (citing *United States v. Park*, 684 F.2d 1078 (5th Cir. 1982) and *Katz v. United States*, 389 U.S. 347 (1967)).
[6] The Fifth Circuit's holding in *Lanford* was in accord with the United States Supreme Court's decision in *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978), where the Court explained:

> "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections.

*Id.* (citations omitted).

stolen.  In this case, the Government acknowledges that at the time of the search the officers knew that Cates did not own the vehicle, but only later confirmed that it was stolen.  However, as explained above, the burden is not on the Government to demonstrate that Cates did not have a legitimate expectation of privacy because he knew he was in possession of a stolen vehicle.  Cates must prove by a preponderance of the evidence that he had a legitimate expectation of privacy in the stolen vehicle.  It is not to the officers' state of mind that this Court must look, but rather to the Defendant's own reasonable expectation of privacy.[7]  There is a complete absence of evidence to allow the Court to do so here.

Specifically, there is no evidence that would support an inference that Cates believed he had a lawful and legitimate possessory interest in the vehicle when it was searched.  He freely admitted at the time of the search that the vehicle did not belong to him, and has never asserted that he thought he was in rightful possession of the vehicle.  Cates claims that "[t]here are an infinite number of explanations for [his] acknowledgement that the car was not his," but he fails entirely to provide any such explanation, so as to establish any legitimate expectation of privacy held by him at the time of the search.

This Court finds that Cates has failed to prove by a preponderance of the evidence that at the time the vehicle was searched he had a reasonable and legitimate expectation of privacy in it; therefore, his Motions to Suppress the evidence recovered from the vehicle in the search are DENIED.

---

[7] The timing of the officers' discovery that the vehicle was stolen is of no moment to this case.  The law requires this Court to determine whether the defendant at the time of the search had a reasonable expectation of privacy that society is prepared to recognize as legitimate.  The vehicle was stolen from the moment it was unlawfully removed from its owner's possession, not from the moment the officers discovered it was stolen.  Cates' expectation of privacy in the stolen vehicle is thus not impacted by the timing of when the officers learned the vehicle was stolen.

**SO ORDERED** this 20th day of July, 2009.

_/s/ Barbara M. G. Lynn_
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**